

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00220-CR
No. 02-19-00221-CR
No. 02-19-00222-CR
No. 02-19-00223-CR
No. 02-19-00224-CR
No. 02-19-00225-CR

_____

TIMOTHY TOSHIRU FLASIK, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court Nos. 1382461D, 1382462D, 1392096D, 1399863D, 1399864D, 1399867D

Before Gabriel, Kerr, and Pittman, JJ.
Memorandum Opinion by Justice Gabriel

**MEMORANDUM OPINION**

Timothy Toshiru Flasik attempts to appeal from the six judgments of conviction that the trial court rendered against him on October 9, 2015, following his pleas of guilty to two counts of sexual assault of a child; three counts of employing, authorizing, or inducing a child to engage in a sexual performance; and one count of delivery of a controlled substance to a minor. *See* Tex. Health & Safety Code Ann. § 481.122 (delivery of a controlled substance to a minor); Tex. Penal Code Ann. §§ 22.011(a)(2) (sexual assault of a child), 43.25(b) (sexual performance of a child).

By letter dated June 12, 2019, we notified Flasik that we were concerned as to our jurisdiction over these appeals because his notices of appeal appeared to be untimely and because the trial court had certified that each case is a plea-bargain case and that Flasik has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2), 26.2(a)(1). We asked Flasik to file, by June 24, 2019, a response showing grounds for continuing these appeals and stated that if we did not receive such a response by that time, these appeals could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 44.3. Flasik filed a response, but it does not show grounds for continuing these appeals.

In plea-bargain cases, a defendant may appeal only (1) those matters that were raised by written motion filed and ruled on before trial, (2) after getting the trial court's permission to appeal, or (3) if the specific appeal is expressly authorized by statute. Tex. R. App. P. 25.2(a)(2). Under rule 25.2, we must "dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez v. State*,

2

183 S.W.3d 675, 680 (Tex. Crim. App. 2006). Here, Flasik has not indicated that he is attempting to appeal from a ruling on any pretrial motions; the trial court's certifications show that the trial court did not give Flasik permission to appeal; and no statute expressly authorizes these appeals.

Additionally, our appellate jurisdiction is triggered through a timely-filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If a notice of appeal is not timely filed, we do not have jurisdiction to address the merits of the appeal and may take no action other than dismissal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). When, as here, a defendant does not timely file a motion for new trial, he must file a notice of appeal within thirty days after the date the trial court imposes sentence. Tex. R. App. P. 26.2(a). The trial court imposed the sentences in these cases on October 9, 2015, but Flasik did not file his notices of appeal until June 7, 2019, well more than thirty days after the sentences were imposed. Thus, Flasik's notices of appeal are untimely.

Accordingly, because the trial court's certifications indicate Flasik has no right of appeal and because his notices of appeal are untimely, we dismiss these appeals for want of jurisdiction. *See* Tex. R. App. P. 25.2(a), 26.2(a), 43.2(f).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 30, 2019

3